NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SEIKO EPSON CORPORATION,**

*Plaintiff/Counterclaim Defendant-Appellant,*

**and**

**EPSON RESEARCH AND DEVELOPMENT, INC. and EPSON AMERICA, INC.,**

*Counterclaim Defendants-Appellees,*

**v.**

**CORETRONIC CORPORATION,**

*Defendant/Counterclaimant-*

*Cross Appellant,*

**and**

**OPTOMA TECHNOLOGY, INC.,**

*Defendant-Appellee.*

---

2009-1439, -1440

---

Appeals from the United States District Court for the Northern District of California in 06-CV-6946, Judge Marilyn H. Patel.

Decided: May 20, 2010

WILLIAM J. UTERMOHLEN, Oliff & Berridge, PLC, of Alexandria, Virginia, argued for plaintiff/counterclaim defendant-appellant and counterclaim defendants-appellees. With him on the brief were JAMES A. OLIFF and JOHN W. O'MEARA.

STEVEN D. HEMMINGER, Alston and Bird LLP, of Palo Alto, California, argued for defendant/counterclaimant-cross appellant and defendant-appellee. On the brief were YITAI HU, MADISON C. JELLINS and ELIZABETH H. RADER.

Before MICHEL, *Chief Judge*, LOURIE, and BRYSON, *Circuit Judges*.

PER CURIAM.

Four patents are at issue in this case: U.S. Patent Nos. 6,527,392 and 6,203,158, asserted by Seiko Epson Corporation, and U.S. Patent Nos. 6,739,831 and 6,742,899, asserted on counterclaims by Coretronic Corporation. As to three of the patents, we find that the arguments raised by the parties on appeal have no merit. We therefore affirm the district court's judgments with respect to the '392, '831, and '899 patents for the reasons given by the district court.

The '158 patent presents a more difficult issue. The '158 patent describes a projector that conducts air from outside the projector directly through the power unit in order to cool it more effectively. Seiko Epson asserted

infringement of two independent claims.  Claim 1 recites
a projector comprising:

> a power unit including a ventilating path provided
> inside the power unit for circulating cooling air;

> an outer case that stores the optical unit and the
> power unit;

> a first cooling air intake port located on the outer
> case that provides cooling air from outside of the
> outer case to the optical unit; and

> a second cooling air intake port located on the
> outer case that directly conducts cooling air from
> the outside of the outer case to the ventilating
> path, said second cooling air intake port compris-
> ing:
> an air inlet provided on the power unit, and
> a duct connecting said second cooling air intake
> port and the air inlet.

Similarly, claim 5 recites a projector comprising:

> a power unit including an air inlet and an air out-
> let;

> an outer case that stores the optical unit and the
> power unit;

a first cooling air intake port located on the outer case that provides cooling air from outside of the outer case to the optical unit;

a second cooling air intake port located on the outer case that directly conducts cooling air from the outside of the outer case to the air inlet; and

an exhaust vent provided on the outer case that directly conducts air exhausted from the air outlet to the outside of the outer case.

At the claim construction hearing, Seiko Epson proposed that the phrase "directly conducts cooling air" be construed to mean "transmits cooling air without substantial contamination by internal sources of heat." The district court agreed in essence with Seiko Epson's proposed construction, but modified it to "transmits cooling air without [increasing] its temperature to that of the air inside the outer casing of the projector." The court explained that the change was necessary because Seiko Epson's proposed construction was "not limited to the air's temperature." The court also noted that the modified construction was consistent with how the patent distinguished the prior art, which was described as being less efficient because the air used to cool the power unit "had already been heated by many other elements located in the outer case."

We hold that the district court erred in its construction of "directly conducts cooling air," and we adopt Seiko Epson's narrower construction. Claims 1 and 5 recite that the second air intake port directly conducts not just "cooling air," but "cooling air from the outside of the outer case." The inclusion of that additional phrase indicates that air from outside of the case must be conducted di-

rectly to the power unit without substantial contamination by the air inside the case. Moreover, it reveals that the modifying term "cooling" is merely descriptive rather than definitional, since all air from outside of the case is presumed to be cooler than the air inside the case.

That interpretation is further supported by the specification, which clarifies that the term "cooling" is used in the patent solely in reference to "fresh" air from outside of the case. For instance, the abstract of the patent states that the second air intake port "directly conduct[s] fresh air into the ventilating path. Because the interior of the power unit is cooled by fresh air which is cooler than the air inside the outer case, cooling efficiency is enhanced." The Summary of the Invention section of the specification reiterates that the invention

> directly conduct[s] fresh air from outside the outer case from the cooling air intake port to the inlet of the ventilating path. Because the cooling air conducting means directly conducts fresh air to the ventilating path, and because fresh air is cooler than the air in the outer case, the interior of the power unit can be cooled with high efficiency."

'158 patent, col. 2, line 67 to col. 3, line 6. The patent also notes that the duct recited in claim 1, which connects the second air intake port and the air inlet of the power unit, "only introduces fresh air from the cooling air intake port to the ventilating path . . . [and] prevents the air from the outer case, which is hotter than the fresh air, from entering into the ventilating path." *Id.*, col. 3, ll. 18-21. Those statements demonstrate that the thrust of the invention is not simply to pass any form of cooler air through the power unit, but rather to inject "fresh" air from outside the case directly into the ventilating path.

Because we are satisfied that "cooling air from the outside of the outer case" has a more limited meaning than "cooling air," and that directly conducting such air to the power unit requires a narrower construction than the one provided by the district court, we vacate the district court's grant of summary judgment as to the '158 patent. On motion for summary judgment, the district court held that the asserted claims of the '158 patent were invalid in light of Japanese Patent Application No. 4-271334 ("Nakamura"). The Nakamura reference, however, plainly fails to satisfy our construction of "directly conducts cooling air from the outside of the case." Although Nakamura teaches a second air intake port located in the vicinity of the power unit, it does not provide an uninterrupted path from that port to the power unit. Instead, the figures in the Nakamura reference indicate that the fresh air entering through the second air intake port mixes with ambient air from inside the case before reaching the power unit. Consequently, the fresh air entering through the second air intake port is not directly conducted to the power unit as required by the '158 patent.

While we vacate the district court's judgment as to the '158 patent and remand for further proceedings, we do not rule out the possibility that other prior art, standing alone or in combination with the Nakamura reference, might sustain the district court's finding of invalidity. Our decision is limited to holding that the district court erred in its construction of "directly conducts cooling air" and that, under a narrower construction, the Nakamura reference fails to disclose the required structure.[1]

---

[1] Seiko Epson moved this court to take judicial notice of the definitions of several terms in generally available references. We grant the motion to take judicial notice of the fact that those references define the terms as they do, although we do not take judicial notice of the correctness of those definitions.

**AFFIRMED IN PART, VACATED IN PART, and
REMANDED.**